OPINION
The facts relevant to the issue raised on appeal are as follows. On August 7, 1997, at about 4:00 a.m., Bowling Green Police Officer Daniel Mancuso observed a vehicle near the intersection of Court and Main Streets in Bowling Green, Ohio. The officer observed two clouds of white smoke approximately four feet long and three feet high emitted from the passenger side window of the vehicle. The first puff of smoke extended to about ten feet from the nearest pedestrian.
Officer Mancuso followed the vehicle to Liberty and Grove Streets where he observed a fire extinguisher laying on the pavement, which he believed was thrown out of appellant's vehicle. Mancuso stopped the vehicle a short distance after seeing the fire extinguisher. He then walked up to the driver's side and asked appellant to exit the vehicle. As Officer Mancuso was questioning appellant about the fire extinguisher, he detected the odor of an alcoholic beverage in the area of appellant. He administered field sobriety tests to appellant, determined that he was impaired and arrested him for driving under the influence.
Appellant filed a motion to suppress the evidence against him, which the trial court denied. Appellant then entered a no contest plea and was found guilty of operating a motor vehicle under the influence of alcohol, offenses under R.C.4511.19(A)(1) and R.C. 4511.19(A)(3). The trial court imposed sentence after merging the R.C. 4511.19(A)(3) offense with the conviction under R.C. 4511(A)(1). Appellant filed a notice of appeal asserting the following assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE STOP AND SUBSEQUENT ARREST OF THE APPELLANT WAS NOT A VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, BECAUSE THE STOP WAS NOT BASED ON A REASONABLE ARTICULABLE SUSPICION THAT APPELLANT WAS ENGAGED IN CRIMINAL ACTIVITY."
Both the Ohio and the United States Constitutions protect individuals from unreasonable searches and seizures. TheFourth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution. However, an officer may reasonably conduct an investigatory stop if he or she can, "point to specific and articulable facts which taken together with rational inferences from those facts * * *" reasonably warrant the stop.Terry v. Ohio (1968), 392 U.S. 1, 21; Delaware v. Prouse (1979),440 U.S. 648, 663. The determination of whether a stop is warranted depends on whether, considering the totality of the circumstances, the officer had an objective and particularized suspicion that "* * * criminal activity was afoot." State v.Andrews (1991), 57 Ohio St.3d 86, 87.
In this case, considering the totality of the circumstances, Officer Mancuso had a reasonable and articulate suspicion that criminal activity was occurring. At the very least it would appear that the offense of littering was taking place. The trial court properly denied the motion to suppress and appellant's sole assignment of error is found not well-taken.
The court finds that substantial justice has been done the party complaining and the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.